**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HERMAN ROBERSON, | No. 21-55134 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-06913-DMG-JPR |
| v. | |
| CITY OF HAWTHORNE, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| BRIAN LAZOREK, individually, and in his official capacity; JEROME MICHALCZAK, individually, and in his official capacity, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 15, 2023
University of San Diego

Before: McKEOWN, OWENS, and BUMATAY, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BUMATAY.

Hawthorne police officers Brian Lazorek and Jerome Michalczak appeal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

from the district court's order denying summary judgment based on qualified immunity in Herman Roberson's 42 U.S.C. § 1983 action alleging excessive force and related violations of state law. We have jurisdiction over the interlocutory appeal regarding Roberson's federal claim under 28 U.S.C. § 1291. *Plumhoff v. Rickard*, 572 U.S. 765, 771–73 (2014); *Peck v. Montoya*, 51 F.4th 877, 885 (9th Cir. 2022). We do not have jurisdiction over defendants' interlocutory appeal as to Roberson's state-law claims. *See Peck*, 51 F.4th at 885 ("[W]e may not review any 'portion of a district court's summary judgment order that, though entered in a qualified immunity case, determines only a question of evidence sufficiency, *i.e.*, which facts a party may, or may not, be able to prove at trial.'" (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995))).

We review de novo the district court's denial of summary judgment on the ground of qualified immunity. *Est. of Aguirre v. County of Riverside*, 29 F.4th 624, 627 (9th Cir.), *cert. denied sub nom. County of Riverside v. Est. of Najera-Aguirre*, 143 S. Ct. 426 (2022). We affirm in part, reverse in part, and remand.

Viewing the facts in the light most favorable to Roberson, as we must at this stage, *see id.*, the officers had no basis to suspect Roberson of a crime or consider him a threat to others nor had they attempted an arrest. At the time of the incident, it was clearly established that, under such circumstances, throwing an individual against a wall, taking him to the ground using a headlock, and holding him on the

2

ground by applying weight to his neck is excessive force. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 478 (9th Cir. 2007); *see also Andrews v. City of Henderson*, 35 F.4th 710, 719 (9th Cir. 2022) ("*Blankenhorn* clearly established— and thus 'put a prudent officer on notice'—that an officer violates the Fourth Amendment by tackling and piling on top of a 'relatively calm,' non-resisting suspect who posed little threat of safety without any prior warning and without attempting a less violent means of effecting an arrest." (quoting *Blankenhorn*, 485 F.3d at 478, 481)). A reasonable official would have known that doing so under the circumstances was unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (setting forth two-part test for qualified immunity). Officer Michalczak is therefore not entitled to qualified immunity.

Officer Lazorek is, however, entitled to qualified immunity. Since Lazorek was not "fundamental[ly] involve[d] in the conduct that allegedly caused the violation," he was not an "integral participant" in Michalczak's excessive use of force. *Nicholson v. City of Los Angeles*, 935 F.3d 685, 691 (9th Cir. 2019) (quoting *Blankenhorn*, 485 F.3d at 481 n.12); *see also Peck*, 51 F.4th at 891 (noting that an actor is only an integral participant if he "knew about and acquiesced in the constitutionally defective conduct as part of a common plan" or "set in motion a series of acts by others which [he] knew or reasonably should have known would cause others to inflict the constitutional injury").

3

We therefore **AFFIRM** the denial of qualified immunity as to Michalczak, **REVERSE** as to Lazorek, and **DISMISS** as to the appeal of state-law claims. Each party shall bear its own costs on appeal.



*Roberson v. City of Hawthorne*, No. 21-55134
BUMATAY, Circuit Judge, concurring in part and dissenting in part:

In this case, the undisputed facts show that City of Hawthorne police officers did not use excessive force against Herman Roberson. Officers Jerome Michalczak and Brian Lazorek responded to a 911 call about a "domestic disturbance" inside an apartment. When they arrived on scene, the officers could hear loud arguing coming from inside the apartment. The officers knocked on the door, and Rhonda Luckett answered. Luckett and Roberson kept arguing as the officers stood near the doorway. Luckett told the officers that Roberson had shown up to the apartment "kicking on the door" and "hollering and screaming and kicking the doors." When one of the officers asked Luckett if there was a restraining order against Roberson, Luckett responded, "Yeah, he's on parole or something." Officers observed Roberson pacing about, yelling angrily, cursing, and acting erratically. Officers also learned that children were in the apartment.

Officers then asked Luckett and Roberson to come outside, and Luckett did. Roberson didn't. Officers ordered Roberson to come out at least six times. But Roberson didn't comply. Finally, after the officers' sixth command, Roberson came out of the apartment. But then Robinson resisted. Roberson turned to go back into the apartment, muttering that he needed to "get [his] shoe." Officer Michalczak tried grabbing Roberson to keep him from going back into the apartment. Then Officer Michalczak took Roberson to the ground where Officer Lazorek handcuffed him. It

1

took the officers *only two to three* seconds to put Roberson in handcuffs. In those few seconds, Officer Michalczak placed him in a headlock, threw him against the wall, took him down, and placed his weight on Roberson's neck until Officer Lazorek handcuffed him.

The majority rightly concludes that Officer Lazorek is entitled to qualified immunity because nothing in his actions approaches excessive force. And so I join that reversal of the denial of qualified immunity as to Officer Lazorek. While a closer case, the majority should have also granted Officer Michalczak qualified immunity. Officer Michalczak did not violate Roberson's constitutional rights—let alone clearly established ones. So we should have reversed the denial of qualified immunity for both officers. I thus concur in part and dissent in part.

## I.

Even construing the facts in Roberson's favor, we should not have found a constitutional violation here.

First, contrary to the majority's assertion, officers did have reason to suspect Roberson of a crime or consider him a threat to others. Based on the 911 call, Luckett's statements about Roberson violently kicking the door, Roberson and Luckett's verbal altercation, Roberson's potential restraining order, and the observations of Roberson acting erratically and angrily, even the district court concluded that officers made no constitutional error in seeking to detain Roberson.

2

Indeed, leaving Roberson in the apartment with Luckett and several children could have led to a potentially volatile situation.

Second, given everything he knew about the situation, Officer Michalczak was justified in his use of force. Roberson refused to comply with multiple directions to leave the apartment. After finally stating he would leave, Roberson then resisted Officer Michalczak by pulling away and trying to head back into the apartment. It was only then that Officer Michalczak swiftly took Roberson to the ground and arrested him. Based on these facts, Michalczak's two-to-three-second arrest is safely within the bounds of reasonable force allowed by the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Thus, we should have found that Officer Michalczak committed no constitutional violation.

Third, the majority's conclusion that Officer Michalczak violated clearly established law is unjustified. The majority supports its holding by citing *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007). But there, we said that officers were not entitled to qualified immunity when they "gang-tackled" a non-threatening, non-resisting suspect; kneeled on his neck so that he was unable to breathe; and placed hobble restraints on him. 485 F.3d at 478. And the officers did all that despite having a series of peaceful interactions with the suspect in the weeks and moments leading up to his arrest. *Id.* Those facts are simply too different to be applicable here. Roberson was never "gang-tackled"—only Officer Michalczak

3

took part in taking Roberson to the ground. Next, *Blankenhorn* involved a suspect who "did not actively resist being handcuffed" before being gang-tackled. *Id*. at 478–79. That's not what Roberson did here. And remember, Roberson's arrest took only three seconds at most. *Blankenhorn* emphasized the long interaction officers had with the suspect to show how unjustified their actions were. *Id*. at 478. So nothing in *Blankenhorn* would lead a reasonable officer to believe—beyond dispute—that Officer Michalczak's actions were unconstitutional.

Next, the majority cites *Andrews v. City of Henderson*, 35 F.4th 710 (9th Cir. 2022). Our court decided *Andrews* after Roberson's arrest, so it couldn't have put Officer Michalczak on notice that his conduct was unconstitutional. Even so, *Andrews* provides that "*Blankenhorn* clearly established . . . that an officer violates the Fourth Amendment by tackling and piling on top of a relatively calm, non-resisting suspect who posed little threat of safety without any prior warning and without attempting a less violent means of arrest." 35 F.4th at 719 (simplified). None of these facts are here. There was no "tackling and piling on top" of Roberson. No one would characterize Roberson as "relatively calm" during the interaction. Nor could Roberson be described as "non-resisting" since he clearly defied numerous officer directives, including attempting to reenter the apartment. And it would be implausible to say that Roberson "posed little threat of safety" given the reports of his aggressively kicking the door, the screaming, the erratic behavior, and

4

his angry demeanor. So we aren't even close to what *Andrews* said was clearly established.

## II.

Even when read in a light most favorable to Roberson, the facts here do not show a violation of Roberson's constitutional rights—especially not a violation that's clearly established. And because Roberson's constitutional rights weren't violated, we should have asserted supplemental jurisdiction over his state claims and dismissed those, too. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1044 (9th Cir. 2018). Accordingly, we should have reversed with directions to the district court to dismiss all of Roberson's claims. I respectfully concur in part and dissent in part.